IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA CHILDREN'S MEDICAL CENTER, d/b/a/ LCMC HEALTH**,<br><br>  Plaintiff<br><br>  *v.*<br><br>**MERRICK GARLAND,** in his official capacity as **ATTORNEY GENERAL OF THE UNITED STATES,** *et. al*<br><br>  Defendants<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*All Actions* | CIVIL ACTION<br><br>No. 23-cv-1305 c/w No. 23-1311<br><br>JUDGE LANCE M. AFRICK<br>SECTION I<br><br>MAGISTRATE JUDGE<br>MICHAEL NORTH<br>DIVISION 5 |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF**
<u>**MOTION FOR STATUS CONFERENCE**</u>

Plaintiffs Louisiana Children's Medical Center ("LCMC") and HCA Healthcare, Inc. ("HCA," and, together with LCMC, the "Plaintiffs") seek a declaratory judgment that state action immunity exempts their state-controlled hospital acquisition from Section 7A of the Clayton Antitrust Act. 15 U.S.C. § 18a (known as the Hart-Scott-Rodino Act, or HSR). Prompt resolution of that issue is necessary. The Government is asserting that Plaintiffs have violated Section 7A, threatening to enforce daily penalties against them for noncompliance, and demanding they expend significant resources to comply with Section 7A's notice and disclosure requirements. Plaintiffs

1

thus request a status conference to discuss a prompt motion for summary judgment and expedited briefing on the motion.

There is no real dispute that these issues should be resolved expeditiously. Remarkably, however, the Government opposes even a status conference in these actions because it does not want these issues to be resolved expeditiously (or at all) by *this* Court. The thrust of the Government's opposition, Dkt. 36 ("Op."), is to accuse Plaintiffs of filing parallel proceedings "in direct competition" with the case the Federal Trade Commission (the "FTC") filed in the U.S. District Court for the District of Columbia ("DDC"). In that case, which was filed *after* the Plaintiffs' actions here were filed, the FTC has argued for expedited relief in the extreme: the FTC initially sought an immediate temporary restraining order and has sought to enforce injunctive relief against the Plaintiffs on an expedited basis. *See FTC v. LCMC et al.*, No. 23-cv-1103, Dkt. 2 (D.D.C. Apr. 20, 2023). Thus, the Government asks this Court to sit idle while a court in Washington considers whether to adjudicate a state action question about a New Orleans-area merger that was authorized and supervised by the State of Louisiana.

The Government's arguments opposing a status conference are baseless. The Government, not Plaintiffs, filed duplicative proceedings and raced to the merits by seeking emergency relief in DDC. The Government, not Plaintiffs, engaged in forum shopping by asking DDC to enjoin a state-controlled, Louisiana merger that has nothing to do with Washington. And the Government ignores the pending motions to transfer and to dismiss for lack of personal jurisdiction that LCMC and HCA filed in DDC. Those motions present strong reasons for adjudicating this dispute in this Court, and they reinforce the need to move expeditiously in this Court where no complicated and complex legal issues relating to personal jurisdiction and venue could delay or frustrate prompt resolution of these matters. Finally, the Government's suggestion that this case is not ripe is

directly undermined by its simultaneous refusal to back down from its threat of enforcement. The Government offers no basis for this Court to delay.

**1.** To begin, the Government has it backwards when it claims "the Hospitals created duplicative litigation." Op. at 2. To the contrary, *this action* was filed first, *before* the FTC filed the second lawsuit in DDC. And the presumption is that the *first-filed* action should proceed to judgment first. *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."). Nor can the Government credibly accuse LCMC and HCA of "procedural fencing." Op. at 2. LCMC and HCA filed their declaratory judgment actions for their ordinary purpose: to "declare the rights and other legal relations of an[] interested party." 28 U.S.C. § 2201. Specifically, after the Government expressed its view that Plaintiffs violated Section 7A and that penalties were accruing daily, it was critical for them to obtain prompt resolution of their legal positions through declaratory judgment. After all, the FTC had already delayed for months after the public announcement of the acquisition before informing LCMC and HCA of its view that an HSR filing and waiting period were required.

It also made perfect sense to file this action in Louisiana, where the acquisition took place through a Louisiana regulatory program and under direct supervision of the Louisiana Attorney General. Indeed, this lawsuit is the appropriate means for resolving the merits because the Louisiana Attorney General, whose regulatory program is being actively undermined by the Government's view of Section 7A, is participating only in this lawsuit. It is precisely because of these local interests that the Plaintiffs have sought to transfer the FTC's complaint to this jurisdiction. *See infra* at 5–6.

In fact, it was the Government that "created duplicative litigation" and engaged in a race to the merits. Op. at 2. The day after this case was filed, the Government filed a separate proceeding in DDC instead of litigating "the same legal question involved in this case" in the existing declaratory judgment actions. *Id.* And while the Government tells *this* Court that a "status conference proceeding on a typical schedule" is "more than sufficient" (*id.*), the Government rushed forward in its second-filed case, requested emergency relief by "10:59 p.m." the day after the case was filed, and obtained a status conference and highly expedited briefing schedule on the very day it filed the case. *FTC v. LCMC*, No. 23-cv-1103, Dkt. 1, at 9 (Apr. 20, 2023); Minute Order, Apr. 20, 2023. Notably, LCMC and the FTC reached an agreement on a temporary "hold-separate" stipulation that obviated the need for the DDC to rule on the FTC's motion for a temporary restraining order—but those proceedings have continued on an expedited basis even after entry of that stipulation.[1] Thus, the Government has left itself little room to deny that time is of the essence. It just wants to have all the expedited action take place in its own second-filed case.

Contrary to the Government's assertion (at 3–4), moreover, the declaratory relief requested by Plaintiffs in this lawsuit would not conflict with the stipulated interim relief entered in DDC. Plaintiffs do not seek an injunction or other interim relief to conflict with or override the existing hold-separate order. Rather, this action seeks a "declaration, order, and judgment holding that the parties to the Acquisition, including LCMC and HCA, are not obligated to submit an HSR Filing

---

[1] Pursuant to that stipulation, which was so-ordered by the DDC, LCMC made certain commitments with respect to the three hospitals that are at the heart of the Plaintiffs' claims, including (among other commitments) that LCMC shall not "close or otherwise intentionally or negligently undermine the viability, competitiveness, and marketability" of the hospitals, shall maintain all clinical services lines presently available at the hospitals, shall not sell or transfer or take any action to encumber or otherwise impair the hospitals' assets, and shall use its best efforts to keep the hospitals staffed with sufficient employees to maintain the viability and competitiveness of the Tulane Hospitals. *Id.* Dkt. 12 (D.D.C. Apr. 21, 2023).

concerning the Acquisition" and that they "are not subject to any fine or penalty under 15 U.S.C. § 18a(g)(1) or any other antitrust law in connection with the Acquisition." Complaint, Dkt. 1 at 18. No part of that judgment would create a conflict with the stipulated interim hold-separate order in effect in DDC.

**2.** Next, if anyone, the Government is the one engaged in forum shopping by filing in DDC, which has no connection to this events giving rise to this case. LCMC and HCA have explained this in detail in their motions to transfer and to dismiss for lack of personal jurisdiction, which remain pending in DDC. Dkts. 19, 20-1, *FTC v. LCMC et al.*, No. 23-cv-1103 (D.D.C.). As the transfer motion explains, this dispute should be adjudicated in Louisiana because Louisiana is the location of the acquisition, the State of Louisiana authorized and supervised the acquisition, and the Government has no valid basis to ask a court in the District of Columbia to enjoin a purely intrastate acquisition in Louisiana that is authorized and controlled by the State of Louisiana. *Id.* Dkt. 20-1. LCMC's motion to dismiss further explains that LCMC has no operations in the District of Columbia, and it presents several serious arguments that LCMC is not subject to personal jurisdiction there. *Id.*, Dkt. 19.[2] Moreover, the Louisiana Attorney General has intervened in the actions in this district and has a vested interest in their expedited resolution. This is, at heart, a local matter with effects that will be felt here in this district. Indeed, it is Louisiana patients, Louisiana hospitals, and Louisiana medical training and talent that are most affected by the dispute between the FTC and LCMC, HCA and the State of Louisiana. Those local interests have an interest in having this matter resolved as expeditiously as possible.

---

[2] The Government opposed that motion based in part on its erroneous view that "the congestion present in the Eastern District of Louisiana . . . weighs against transfer." Opposition to Motion to Transfer, *FTC v. LCMC*, No. 23-cv-1103, Dkt. 25, at 18 (Apr. 26, 2023); Dkt. 25-2 (judicial caseload profiles). The Government relied on misleading statistics skewed by multidistrict litigation to reach that conclusion. *See id.* at 17. As this Court well knows, it resolves its cases promptly.

Rulings on the motions to transfer and to dismiss may (and should) result in the transfer and consolidation of the Government's duplicative lawsuit with this one. And there is no particular reason to think that the District of Columbia lawsuit will be resolved anytime soon, since that Court has entered interim relief and must resolve the complex threshold issues in the venue and personal jurisdiction motions before reaching the merits. Even then, that court will be ruling only on the motion for a preliminary injunction, not entering a final ruling on the merits. This Court should not wait for any decision in the Government's second-filed proceeding, and should move forward with a timely resolution of this case.

**3.** The Government incorrectly suggests that the issue of penalties is not ripe because "no civil action seeking penalties has been brought." Op. 4. Under the governing legal standard, "a reasonable threat of prosecution creates a ripe controversy." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 165, (2014). The Government has expressly threatened LCMC and HCA with penalties. Dkt. 1 ¶¶ 13–14, 20. And the Government's response continues to assert that LCMC and HCA violated Section 7A and that penalties are accruing daily. *See* 15 U.S.C. § 18a(g)(1).

Rather than disavowing the threat of enforcement, the Government downplays the burden it imposes upon LCMC and HCA by suggesting that the "$46,000 per day civil penalty" is merely a "statutory maxima, and a court would have significant discretion to impose a lower amount, should justice require." Op. at 4. This provides neither comfort nor the force of a legal judgment for LCMC and HCA, which need to order their affairs now, and are undeniably under threat of substantial penalties. This is a compelling reason to proceed expeditiously here. Moreover, even setting aside the penalties, it is certain that if LCMC and HCA are required to make an HSR filing, as the Government insists, they would be forced to pay the HSR filing fees and expend other

6

resources to comply with likely extensive requests for additional information.  *See* 16 C.F.R. § 803.9.

**4.**  Finally, the Government's preview of the merits warrants a brief response.  The facts are that, in January 2023, LCMC acquired three hospitals from HCA in a state-authorized and state-supervised transaction that is "exempt" from "the federal antitrust laws" under the state action doctrine.  *FTC v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 219 (2013).  As the Louisiana Attorney General explained in the State's motion to intervene (Dkt. 18), the Louisiana Attorney General approved and supervised the acquisition under a state regulatory program enacted to authorize healthcare mergers and place them under State "supervision and control."  La. Stat. § 40:2254.1.  On its face, this approval satisfies the "clear articulation" and "active supervision" requirements for state action immunity from "the federal antitrust laws."  *See Phoebe Putney*, 568 U.S. at 219, 225.

Nevertheless, the Government's dubious position is that state action immunity does not apply to one of "the federal antitrust laws"—Section 7A of the Clayton Antitrust Act.  Section 7A imposes a months-long waiting period on mergers while the FTC reviews them to determine whether they violate Section 7 of the Clayton Act, 15 U.S.C. § 18, to which the state action doctrine unquestionably applies.  Plaintiffs' acquisition qualifies for state action immunity, and every reason for applying state action immunity to Section 7 of the Clayton Act applies to Section 7A.  Most fundamentally, as this case clearly shows, applying Section 7A to state-controlled mergers would cause federal antitrust law egregiously to "compromise the States' ability to regulate their domestic commerce."  *S. Motor Carriers Rate Conf., Inc. v. United States*, 471 U.S. 48, 57 (1985).  Meanwhile, the Government's strained distinction between procedural and substantive antitrust

laws has no basis in either the state action doctrine or common sense, as Plaintiffs will further explain at summary judgment.

\* \* \*

In the end, the question before the Court is narrow: Should it hold a status conference to consider the potential for an early summary-judgment motion and expedited briefing? The answer is yes. For the foregoing reasons, Plaintiffs respectfully request that this Court promptly schedule a status conference so they may request permission to file an immediate motion for summary judgment that will resolve this case.

Dated:  May 15, 2023                                Respectfully submitted,

| | |
|---|---|
| /s/ Judy Y. Barrasso<br>Judy Y. Barrasso (#2814)<br>Christine M. Calogero (#36818)<br>Stephen R. Klaffky (#36211)<br>Barrasso Usdin Kupperman Freeman & Sarver L.L.C.<br>990 Poydras Street, Suite 2350<br>New Orleans, LA 70112<br>(504) 589-9700<br>jbarrasso@barrassousdin.com<br>ccalogero@barrassousdin.com<br>sklaffky@barrassousdin.com<br><br>/s/ Harry Rosenberg<br>Harry Rosenberg (#11465)<br>Phelps Dunbar, LLP<br>Canal Place<br>365 Canal Street, Suite 2000<br>New Orleans, LA 70130<br>Tel: (504) 584-9219<br>harry.rosenberg@phelps.com<br><br>/s/ Sara Y. Razi<br>Sara Y. Razi (admitted *pro hac vice*)<br>Abram Ellis (admitted *pro hac vice*)<br>Joshua Hazan (admitted *pro hac vice*)<br>Simpson Thacher & Bartlett LLP<br>900 G Street N.W.<br>Washington, D.C. 20001<br>(202) 636-5500<br>sara.razi@stblaw.com<br>aellis@stblaw.com<br>joshua.hazan@stblaw.com<br><br>*Counsel for HCA Healthcare, Inc.* | /s/ Diana Cole Surprenant<br>E. Paige Sensenbrenner (#18429) – T.A.<br>Diana Cole Surprenant (#33399)<br>ADAMS AND REESE LLP<br>701 Poydras Street, Suite 4500<br>New Orleans, LA 70139<br>Tel:  (504) 581-3234<br>paige.sensenbrenner@arlaw.com<br>diana.surprenant@arlaw.com<br><br>/s/ Kenneth W. Field<br>Kenneth W. Field (admitted *pro hac vice*)<br>Benjamin F. Holt (admitted *pro hac vice*)<br>Sean Marotta (admitted *pro hac vice*)<br>Christopher M. Fitzpatrick (admitted *pro hac vice*)<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, N.W.<br>Washington, D.C. 20004<br>Tel:  (202) 637-5600<br>ken.field@hoganlovells.com<br>benjamin.holt@hoganlovells.com<br>sean.marotta@hoganlovells.com<br>chris.fitzpatrick@hoganlovells.com<br><br>/s/ Robert N. Stander<br>Robert N. Stander (*pro hac vice* forthcoming)<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Tel:  (202) 879-7628<br>rstander@jonesday.com<br><br>*Counsel for Plaintiff Louisiana Children's Medical Center* |