**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA CHILDREN'S MEDICAL CENTER, d/b/a/ LCMC HEALTH**,<br><br>Plaintiff<br><br>*v.*<br><br>**MERRICK GARLAND,** in his official capacity as **ATTORNEY GENERAL OF THE UNITED STATES,**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE,**<br><br>**FEDERAL TRADE COMMISSION**,<br><br>and<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendants | CIVIL ACTION<br><br>No. 2:23-cv-1305, c/w 23-cv-1890<br><br>JUDGE LANCE M. AFRICK<br>SECTION I<br><br>MAGISTRATE JUDGE<br>MICHAEL NORTH<br>DIVISION 5 |
| THIS DOCUMENT RELATES TO:<br><br>Case No. 23-cv-1890 | |

**MOTION FOR SUMMARY JUDGMENT OF RESPONDENTS**
**LOUISIANA CHILDREN'S MEDICAL CENTER AND HCA HEALTHCARE, INC.**

Respondents Louisiana Children's Medical Center and HCA Healthcare, Inc. ("the Hospitals") hereby move for summary judgment in Case No. 23-cv-1890 against the Federal Trade Commission pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Commission's petition asserts that the Hospitals violated Section 7A of the Clayton Antitrust Act, 15 U.S.C. § 18a, by consummating their hospital acquisition without complying with Section 7A's requirements of notice, disclosure, and a pre-merger waiting period. Invoking Section 7A(g)(2)(A) and (C), the Commission seeks an injunction (a) mandating that the Hospitals comply with Section 7A's waiting period and disclosure requirements, (b) prohibiting any further integration of the Hospitals "until expiration of the statutory waiting period," and (c) requiring LCMC to give the Commission 30 days' notice "before acquiring any hospital or other medical facility, either directly or indirectly, in the State of Louisiana for the duration of the hold separate order," regardless of whether it is required to do so under Section 7A. Dkt. 1 at 2, 9-10.

The Court should deny each of the Commission's requests for injunctive relief and enter summary judgment in favor of the Hospitals. The petition fails on the merits because the Hospitals are entitled to state action immunity from the federal antitrust laws. The Hospitals are therefore entitled to a judgment entered in their favor stating that they did not violate Section 7A. Separately, the equities do not warrant injunctive relief. The public interest cuts sharply against enjoining an acquisition that was authorized and supervised by a State Legislature and State Attorney General, and is therefore exempt from federal antitrust laws under the state action doctrine.

As explained in the Hospitals' accompanying memorandum of law, this case turns on three questions, all of which can be resolved on undisputed facts. The first question is whether the Hospitals' acquisition satisfies the two well-established requirements for state action immunity. The material facts compelling that conclusion are largely a matter of public record, and none is

subject to genuine dispute. The second question is whether state action immunity applies to Section 7A of the Clayton Antitrust Act. That is a purely legal question, and it should be decided in favor of the Hospitals and the State of Louisiana under a long line of Supreme Court precedent. The third question is whether the Commission can establish that the public interest favors enjoining an intra-state acquisition that the State of Louisiana has determined supports the public interest of the State, and has expressly immunized from federal antitrust law. Louisiana's assessment of the public interest of its citizens is again a matter of public record that cannot be genuinely disputed.

Accordingly, for the reasons set forth in the accompanying memorandum of law, the Hospitals move the Court to deny each of the Commission's requests for injunctive relief and enter summary judgment in favor of the Hospitals.

Dated: July 18, 2023

Respectfully submitted,

*/s/ Sara Y. Razi*
Sara Y. Razi
Abram Ellis
Joshua Hazan
SIMPSON THACHER & BARTLETT LLP
900 G Street N.W.
Washington, D.C. 20001
(202) 636-5500
sara.razi@stblaw.com
aellis@stblaw.com
joshua.hazan@stblaw.com

Judy Y. Barrasso (#2814)
Christine M. Calogero (#36818)
Stephen R. Klaffky (#36211)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER L.L.C.
990 Poydras Street, Suite 2350
New Orleans, LA 70112
(504) 589-9700
jbarrasso@barrassousdin.com
ccalogero@barrassousdin.com
sklaffky@barrassousdin.com

Harry Rosenberg (#11465)
PHELPS DUNBAR, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
(504) 584-9219
harry.rosenberg@phelps.com

*Counsel for HCA Healthcare, Inc.*

Kenneth W. Field
Benjamin F. Holt
Sean Marotta
Christopher M. Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
benjamin.holt@hoganlovells.com
ken.field@hoganlovells.com
sean.marotta@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Robert N. Stander
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-7628
rstander@jonesday.com

Sarah E. Welch
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
(216) 586-7401
swelch@jonesday.com

*/s/ Diana Cole Surprenant*
E. Paige Sensenbrenner (#18429) – T.A.
Diana Cole Surprenant (#33399)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
(504) 581-3234
paige.sensenbrenner@arlaw.com
diana.surprenant@arlaw.com

*Counsel for Louisiana Children's Medical Center*